Slip Op. 21-31

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CELIK HALAT VE TEL SANAYI A.S.,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>and<br><br>INSTEEL WIRE PRODUCTS COMPANY ET AL.,<br><br>    Defendant-Intervenors. | Before: Claire R. Kelly, Judge<br><br>Court No. 20-03843 |

## OPINION

[Dismissing Plaintiff's complaint challenging Commerce's preliminary determination in the antidumping duty investigation into prestressed concrete steel wire strand from the Republic of Turkey.]

Dated: March 24, 2021

Irene H. Chen, Chen Law Group LLC of Rockville, MD for plaintiff.

Tara K. Hogan, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice of Washington, DC, for defendant. Also on the briefs were Jeanne E. Davidson, Director, and Jeffrey Bossert Clark and Bryan M. Boynton, Acting Assistant Attorneys General. Of counsels on the briefs were Reza Karamloo and Jesus Saenz, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce of Washington, DC.

Paul C. Rosenthal, Kathleen W. Cannon, R. Alan Luberda, Brooke M. Ringel, and Joshua R. Morey, Kelley Drye & Warren LLP of Washington, DC, for defendant-intervenors Insteel Wire Products Company, Sumiden Wire Products Corporation, and Wire Mesh Corp.

Kelly, Judge: Before the court is Defendant's motion to dismiss Plaintiff Celik Halat ve Tel Sanayi A.S.'s ("Celik") complaint requesting relief from the U.S. Department of Commerce's ("Commerce") preliminary determination in its antidumping duty ("ADD") investigation into prestressed concrete steel wire strand ("PC Strand") from the Republic of Turkey ("Turkey"). See Mot. to Dismiss Compl. for Lack of Juris., Dec. 10, 2020, ECF No. 19 ("Mot. to Dismiss"); see also Compl., Nov. 19, 2020, ECF No. 2 ("Compl."). Defendant argues that the Court lacks jurisdiction over Celik's complaint, filed under 28 U.S.C. § 1581(i) (2018),[1] because the remedy available under § 1581(c) is not manifestly inadequate. See Mot. to Dismiss at 7–10. Defendant further argues that the preliminary results have been subsumed into the final determination; and, that Celik has challenged that final determination in a new complaint. Se Reply Sup. Def.'s Mot. to Dismiss Compl.'s for Lack of Juris. at 2–4, Feb. 4, 2021, ECF No. 22 ("Def.'s Reply Br.").[2] Celik argues that jurisdiction under 28 U.S.C. § 1581(i) is proper because the remedy under § 1581(c) is manifestly inadequate. See Pl. [Celik's] Opp. to Def.'s Mot. to Dismiss Compl.'s at 15–21, Jan. 14, 2021, ECF No. 21 ("Pl.'s Br."). For the following reasons, Defendant's motion is granted, and the case is dismissed.

---

[1] Further citations to Title 28 of the U.S. Code are to the 2018 edition.

[2] In Defendant's motion to dismiss the complaint, it initially argued that Celik's claim was not ripe. See Mot. to Dismiss at 10–11. Defendant initially relied on the ripeness doctrine, because, although Commerce had issued a final determination in the matter by the time Defendant filed its motion to dismiss, the International Trade Commission ("ITC") had yet to make a finding of threat to the domestic injury and thereby issue an ADD order. See id. at 11.

## BACKGROUND

On May 6, 2020, Commerce initiated its ADD investigation of PC Strand from Turkey. See Compl. at ¶ 3; see also [PC Strand] from Argentina, Colombia, Egypt, Indonesia, Italy, Malaysia, the Netherlands, Saudi Arabia, South Africa, Spain, Taiwan, Tunisia, [Turkey], Ukraine, and the United Arab Emirates, 85 Fed. Reg. 28,605, 28,610 (Dep't Commerce May 13, 2020) (initiation of less-than-fair value investigations). On June 18, 2020, Commerce selected Celik for individual examination. See Compl. at ¶ 4. The next day, Commerce issued to Celik an antidumping questionnaire and set forth a deadline of July 17, 2020 for Celik's Section A response; August 10, 2020 for its Sections B and Section C responses; and August 13, 2020 for its Section D response. See id. at ¶ 5. Celik's questionnaire responses were to be uploaded electronically to Commerce's ACCESS website by 5:00 pm on the specified deadline for each section. See id.

Plaintiff states that although it timely filed its Section A and Section D questionnaire responses, it untimely filed portions of its Section B and Section C responses because some of its exhibits contained "no searchable text", the ACCESS platform did not accept those documents, and ACCESS sent Celik an error message notifying it of the error. See id. at ¶¶ 7–17. Namely, with respect to its Section B response, Plaintiff untimely submitted a supplementary "Domestic Sales Table" at 5:21 pm, and with respect to its Section C response, Plaintiff untimely submitted Exhibits C8–11—which comprised a part of Celik's response—at 5:06 pm. See id. at

Court No. 20-03843                                                                                                         Page 4

¶ 8.[3] Since Plaintiff did not meet the 5:00 pm deadline on August 10, 2020, Commerce refused to accept Plaintiff's Sections B and C questionnaire responses. See id. at ¶¶ 18–22. On September 30, 2020, Commerce issued a preliminary determination in which it found that Plaintiff did not cooperate with the investigation to the best of its ability, and thus Commerce used facts otherwise available with an adverse inference ("adverse facts available" or "AFA")[4] to preliminarily assign Plaintiff a dumping margin of 53.65 percent. See [PC Strand] from Argentina, Colombia, Egypt, Indonesia, Italy, Malaysia, the Netherlands, Saudi Arabia, South Africa, Spain, Taiwan, Tunisia, [Turkey], Ukraine, and the United Arab Emirates, 85 Fed. Reg. 61,722 (Dep't Commerce Sept. 30, 2020) (prelim. affirmative determinations of sales at less than fair value & prelim. affirmative critical circumstances determinations, in part) ("Prelim. Results") and accompanying Decisions Memo. for the [Prelim.

---

[3] Celik states that it commenced efforts to upload the Sections B and C questionnaire responses at 4:10 pm. See Compl. at ¶ 9. At 4:12 pm, Celik received an email from ACCESS rejecting one (1) exhibit in the confidential version of the Section B questionnaire response because it contained "no searchable text." See id. at ¶ 10. Celik received the same error message—"no searchable text"—when it attempted to upload the confidential version of the exhibits to the Section C questionnaire. See id. at ¶ 12. Celik states it fixed the problem with the documents, resubmitted all of the rejected documents, and eventually successfully uploaded them, with the last upload occurring at 5:21 pm. See id. at ¶¶ 12–15.

[4] Parties and Commerce sometimes use the shorthand "AFA" or "adverse facts available" to refer to Commerce's reliance on facts otherwise available with an adverse inference to reach a final determination. AFA, however, encompasses a two-part inquiry established by statute. See 19 U.S.C. § 1677e(a)–(b). It first requires Commerce to identify information missing from the record, and second, to explain how a party failed to cooperate to the best of its ability as to warrant the use of an adverse inference when "selecting among the facts otherwise available." Id.

Results] at 7–9, A-489-842, (Sept. 23, 2020), available at https://enforcement.trade.gov/frn/summary/turkey/2020-21546-2.pdf (last visited Mar. 18, 2021); see also Section 776 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1677e (2018).[5]

On November 19, 2020, Celik filed a complaint alleging that Commerce improperly rejected its late questionnaire responses. See Compl. at ¶¶ 43–44. On the same day, Celik filed a motion for a temporary restraining order ("TRO") and preliminary injunction, see Pl.'s Mot. for [TRO] & Prelim. Injunction, Nov. 19, 2020, ECF No. 5, which the court subsequently denied. See Celik Halat ve Tel Sanayi A.S., v. United States, 44 CIT __, __, Slip Op. No. 20-175 at 17 (2020).[6] On December 10, 2020, Defendant filed a motion to dismiss Celik's complaint, arguing that the Court lacked subject matter jurisdiction over Celik's complaint filed under 28 U.S.C. § 1581(i). See Mot. to Dismiss at 7–11. Celik filed a response in which it argued that it carried its burden of establishing that jurisdiction was proper under 28 U.S.C. § 1581(i), because jurisdiction under § 1581(c) is manifestly inadequate. See Pl.'s Br. at 15–21. Commerce subsequently published its final determination on January 29, 2021, see [PC Strand] From Argentina, Colombia, Egypt, Netherlands, Saudi Arabia,

---

[5] Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code, 2018 edition.

[6] This court denied Celik's motion for a preliminary injunction and TRO because it found that Celik was unlikely to succeed on the merits and had failed to show that it would be imminently and irreparably harmed if the court did not grant the motion. See Celik Halat ve Tel Sanayi A.S., v. United States, 44 CIT __, __, Slip Op. No. 20-175 at 7–17 (2020).

Taiwan, Turkey, and the United Arab Emirates, 86 Fed. Reg. 7,564, 7,564–65 (Dep't Commerce Jan. 29, 2021) (final determ.), and issued an ADD order on February 1, 2021. See [PC Strand] From Argentina, Colombia, Egypt, Netherlands, Saudi Arabia, Taiwan, Turkey, and the United Arab Emirates, 86 Fed. Reg. 7,703 (Dep't Commerce Feb. 1, 2021) ([ADD] orders). On the same day the ADD order was issued, Celik filed a complaint challenging the determination. See Compl., Feb. 1, 2021, ECF No. 2 (from Dkt. Ct. No. 21-00045). In its reply, Defendant argues that Celik's complaint regarding the preliminary determination has now been subsumed into the final determination. See Def.'s Reply Br. at 2–4.

## DISCUSSION

Defendant moves to dismiss Celik's complaint for lack of subject matter jurisdiction under 28 U.S.C. § 1581(i), because jurisdiction under § 1581(c) is available. See Mot. to Dismiss at 7–11. Moreover, Defendant argues that the final determination, now the subject of a complaint that Celik has filed, subsumes the preliminary determination. See Def.'s Reply Br. at 2–4. Celik contends that review under § 1581(c) is manifestly inadequate because, if required to file its complaint under this subsection, Celik will have suffered "irreversible and irreparable harm" by the conclusion of the regular judicial appeal proceedings. See Pl.'s Br. at 9, 15–17.

Under 28 U.S.C. § 1581(i), the Court has jurisdiction to hear "any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for-- . . . (2) tariffs, duties, fees, or other taxes

Court No. 20-03843 Page 7

on the importation of merchandise for reasons other than the raising of revenue." 28 U.S.C. § 1581(i)(2). However, § 1581(i) "shall not confer jurisdiction over an antidumping or countervailing duty determination which is reviewable[] by the Court of International Trade under [19 U.S.C. § 1516a(a)]. . . ." 28 U.S.C. § 1581(i). The legislative history of § 1581(i) demonstrates Congress intended "that any determination specified in [19 U.S.C. § 1516a] or any preliminary administrative action which, in the course of the proceeding, will be, directly or by implication, incorporated in or superceded by any such determination, is reviewable exclusively as provided in [19 U.S.C. § 1516a]." H.R.Rep. No. 96–1235, at 48 (1980), reprinted in 1980 U.S.C.C.A.N. 3729, 3759–60. Thus, the Court's § 1581(i) jurisdiction is available only if the party asserting jurisdiction can show the Court's § 1581(a)–(h) jurisdiction is unavailable, or the remedies afforded by those provisions would be manifestly inadequate. See Miller & Co. v. United States, 824 F.2d 961, 963 (Fed. Cir. 1987) ("Miller & Co.") ("Section 1581(i) jurisdiction may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate." (citations omitted)).

Manifest inadequacy exists when, although there is jurisdiction under 28 U.S.C. § 1581(a)–(h), filing suit under one of those subsections would be an "exercise of futility," meaning that it is "incapable of producing any result." See Hartford Fire Ins. Co. v. United States, 544 F.3d at 1289 (Fed. Cir. 2008) (finding no futility where

Court No. 20-03843 Page 8

the plaintiff failed to make a required challenge directly to Customs after a Customs demand for payment, based on unsubstantiated claims that it would be futile to do so because Customs had a financial interest in the challenge and thus was allegedly biased). That judicial review may be delayed by requiring a party to wait for Commerce's final determination is not enough to render judicial review under § 1581(c) manifestly inadequate. See Gov't of People's Republic of China v. United States, 31 CIT 451, 461, 483 F. Supp. 2d 1274, 1282 (2007) ("Gov't of China v. United States"). Neither the burden of participating in the administrative proceeding nor the business uncertainty caused by such a proceeding is sufficient to constitute manifest inadequacy. See, e.g., id., 31 CIT at 461–62, 483 F. Supp. 2d at 1283 (citing FTC v. Standard Oil Co. of California, 449 U.S. 232, 244 (1980) ("FTC")); Abitibi–Consolidated Inc. v. United States, 30 CIT 714, 717–18, 437 F. Supp. 2d 1352, 1356–57 (2006) ("Abitibi–Consolidated Inc."). Financial hardship resulting from review under § 1581(a)–(h) does not constitute manifest inadequacy. See International Custom Products, Inc. v. United States, 467 F.3d 1324, 1327–28 (Fed. Cir. 2006) ("International Custom Products") (finding no manifest inadequacy where plaintiff was under threat of imminent bankruptcy as a result of review under § 1581(a)); see also Miller & Co., 824 F.2d at 964; American Air Parcel Forwarding Co., Ltd. v. United States, 718 F.2d 1546, 1550-51 (Fed. Cir. 1983).

Here, recourse under 28 U.S.C. § 1581(c) is not manifestly inadequate because judicial review pursuant to subsection (c) provides the remedy Celik seeks—namely,

a remand order directing Commerce to reconsider, further explain its refusal, or accept Celik's submissions. Celik concedes that "the law provides for section (c) review[.]" See Compl. at 2; Pl.'s Br. at 9. Nonetheless, Celik argues that jurisdiction under 28 U.S.C. § 1581(c) is manifestly inadequate because Celik would purportedly lose its entire U.S. sales market by the end of the appeal, which it argues could take one to two years. See Compl. ¶ 31; Pl.'s Br. at 8–9, 15–18, 21–22.[7] Celik's allegation that it would lose its entire U.S. sales market as a result of participation in administrative and judicial proceedings does not render the remedy available under 28 U.S.C. § 1581(c) manifestly inadequate. See International Custom Products, 467 F.3d at 1327–28. In International Custom Products, the Court of Appeals found that even though the company was at risk of losing its entire business as a result of participation in judicial proceedings under 28 U.S.C. § 1581(c), that financial harm alone was insufficient to meet the standard for manifest inadequacy. See id. at 1327–28. Participating in administrative reviews, and subsequent judicial proceedings is a cost of importing products into the United States. See Gov't of China v. United States, 31 CIT at 461, 483 F. Supp. 2d at 1282 ("the cost associated with defending

---

[7] Celik further argues that the combined rate assigned in the ADD and CVD proceedings is so high that it cannot afford to pay it, nor can it afford to post a bond to satisfy its obligations. See Pl.'s Br. at 18–19. Although Celik is the producer and exporter of PC Strand, it states that its U.S. importer told Celik that it could not pay the ADD or CVD cash deposits for imports of Celik's PC Strand. See Compl. at Ex. H, ¶ 12, Nov. 19, 2020, ECF No. 2-1 ("Compl. Exs."). Thus, Celik states that it looked into the possibility of Celik itself acting as the U.S. importer in order to try to save its U.S. business. See id. at Ex. H, ¶ 13. Celik, however, states that it "cannot possibly fund deposits at that level." See id.

Court No. 20-03843                                                                                          Page 10

oneself in a trade remedy proceeding is not the type of burden with which this Court concerns itself") .

Celik invokes a number of cases in which the court found that it had jurisdiction under 28 U.S.C. § 1581(i), and claims that these cases support its argument for jurisdiction under the same provision. Each one of these cases is distinct from the present case. Two cases Celik cites concern a situation where the plaintiff alleges that Commerce unlawfully initiated an administrative review. See, e.g., JIA Farn Mfg. Co. v. Secretary of United States DOC, 17 CIT 187, 188–89, 817 F. Supp. 969, 971–72 (1993); Asociacion Colombiano de Exportadores de Flores v. United States, 13 CIT 584, 585–88, 717 F. Supp. 847, 849–51 (1989). Here, Celik does not allege that the administrative review itself is illegal, but rather that Commerce's rejection of the late portions of the questionnaire responses was an abuse of discretion.

Celik further argues that the question of jurisdiction cannot be separated from the merits of the case, invoking Sahaviriya Steel Indus. Pub. Co. v. United States, 601 F. Supp. 2d 1355, 1366 ("Sahaviriya Steel"), because Celik claims that Commerce's rejection of its questionnaire responses and subsequent application of an AFA rate "is a pretextual method for excluding it from the U.S. market for at least 2 years, while regular judicial appeal is concluded." See Pl.'s Br. at 20.[8] Celik thus

---

[8] Celik filed a complaint under 28 U.S.C. § 1581(c) less than three months after it

(footnote continued)

Court No. 20-03843                                                                                                    Page 11

argues that this court should deny the pending motion to dismiss and allow Celik the opportunity for an evidentiary submission and hearing. See id. at 16, 19.[9] Celik asserts, but offers no support for its position, that Commerce is acting in bad faith and that the rejection of its questionnaire responses was pretextual. More importantly, Celik is incorrect that the merits of the case cannot be separated from the jurisdictional question. Even if Commerce may have abused its discretion, a matter on which the court offers no view at this time, such an issue is the exact type of issue that the court considers in an action under 28 U.S.C. § 1581(c). See, e.g., CP

---

filed its complaint under 28 U.S.C. § 1581(i). See Def.'s Reply Br. at 4. Although Celik claims that waiting for a decision under 28 U.S.C. § 1581(c) may take up to one to two years, see Pl.'s Br. at 8–9, it is unclear how long a proceeding under either § 1581(c) or § 1581(i) would take, and whether there would be a material difference in the time it took to resolve one versus the other, given that the complaints were filed so close together.

[9] Celik does not allege that it will be forced into bankruptcy or otherwise lose its business completely as a result of the review. Rather, Celik alleges that it will be harmed by having to pay cash deposits pending resolution of its appeal. See Pl.'s Br. at 11, 17–19. Specifically, Celik complains that payment of cash deposits will cause it to lose its U.S. market, which accounts for nearly half of its export business. See Pl.'s Mot. for [TRO] & Prelim. Injunction at 13, Nov. 19, 2020, ECF No. 5; Compl. Exs. at Ex. H, ¶ 4. Moreover, Celik acknowledges the court's opinion that Celik did not present any evidence to support its contention that it would suffer immediate and irreparable harm. See Celik Halat ve Tel Sanayi A.S., v. United States, 44 CIT __, __, Slip Op. No. 20-175 at 14 (2020). Notwithstanding its argument that it should not be dismissed without a hearing, Celik did not move for a hearing and it declines to offer any new or additional support at this juncture. See Pl.'s Br. at 19. Moreover, even if Celik's representations were correct and it could demonstrate that it would lose its U.S. market, such a showing would be insufficient to demonstrate manifest inadequacy. See International Custom Products, 467 F.3d at 1327–28.

Court No. 20-03843 Page 12

Kelco (Shandong) Biological Co. v. United States, 40 CIT __, __, 145 F. Supp. 3d 1366, 1373 (2016).[10]

Finally, Commerce's preliminary determination has now merged into the final determination, and thus is unreviewable by this Court. In FTC, the Supreme Court ruled that where a preliminary determination of an agency constitutes a mere step towards a final decision, and will later merge into the final decision, it is unreviewable at the preliminary juncture. See FTC, 449 U.S. at 246 (1980). At the time that the United States filed its motion to dismiss, Commerce had already completed and issued final results, and was preparing to publish those results in the Federal Register. See Mot. to Dismiss. at 2–3, 6. Since then, Commerce has indeed published the final results, an ADD order has been issued, and Celik has already filed a complaint challenging the results of the ADD proceedings. See Def.'s Reply Br. at 2–4. Thus, the preliminary determination has now merged into the final determination, and only the final determination is reviewable by this Court under FTC.[11]

---

[10] Thus, Celik's reliance on Sahaviriya Steel is inapposite. In Sahaviriya Steel, the plaintiff premised its complaint on its argument that Commerce acted ultra vires when it initiated a changed-circumstances review of plaintiff's sales of a hot-rolled carbon steel from Thailand. See id. at 1357, 1361. Plaintiff sought to enjoin Commerce from continuing the review. See id. at 1357. Plaintiff in that case argued that where Commerce acted "patently ultra vires" the merits of the case becomes intertwined with the dispute. See id. at 1563. Here, Celik claims that Commerce abused its discretion, not that Commerce acted ultra vires.

[11] As discussed, Commerce initially argued that Celik's claim is not ripe. See Mot. To Dismiss at 10–11; see supra n.2. "Ripeness is a justiciability doctrine designed 'to

(footnote continued)

Court No. 20-03843 Page 13

## CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant's motion to dismiss for lack of jurisdiction is granted; and it is further

**ORDERED** that the case is dismissed. Judgment will enter accordingly.

/s/ Claire R. Kelly<br>
Claire R. Kelly, Judge

Dated:    March 24, 2021
             New York, New York

---

prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" Nat'l Park Hospitality Ass'n v. U.S. Dep't of Interior, 538 U.S. 803, 807–08 (2003). By the time Defendant filed its reply to plaintiff's response to its motion to dismiss, Commerce had issued an ADD order based on determinations of Commerce and the ITC, and thus Defendant argued that the proceedings were complete, and any preliminary determinations had been subsumed into the final results and order. See Def.'s Reply Br. at 2–4. Commerce has issued final results and Celik is now entitled to challenge those results under 28 U.S.C. § 1581(c).